JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Thelma Lackey

**DEFENDANTS**

AMTRAK

**(b)** County of Residence of First Listed Plaintiff    Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Washington, D.C.
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Hill & Associates, PC (215-567-7600)
1700 Market Street, Suite 3150, Phila., PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | | |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 850 Securities/Commodities/ Exchange |

**PERSONAL INJURY** (center column): ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**LABOR**: ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act

**SOCIAL SECURITY**: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES** (continued): ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☐ 950 Constitutionality of State Statutes

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** |
| | ☐ 448 Education | ☐ 540 Mandamus & Other |
| | | ☐ 550 Civil Rights |
| | | ☐ 555 Prison Condition |
| | | ☐ 560 Civil Detainee - Conditions of Confinement |

**IMMIGRATION**: ☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Negligence

Brief description of cause:
Trip and fall on train steps and into the gap between the train and platform at AMTRAK's Washington Union Station

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  more than $150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE
April 17, 2026

SIGNATURE OF ATTORNEY OF RECORD
/s/Leonard K. Hill

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:___AMTRAK's Washington Union Station, Washington, DC_____

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?  Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☒ 16. All Other Federal Question Cases. *(Please specify)*:__AMTRAK is the defendant_____

**B.  *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases:  *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Thelma Lackey<br>730 W. Berks Street, Apt 105<br>Philadelphia, PA  19122 | CIVIL ACTION - LAW |
| Plaintiff | |
| vs. | CASE NO.:  26- |
| National Railroad Passenger Corp., a/k/a AMTRAK<br>60 Massachusetts Ave., NE<br>Union Station<br>Washington, DC 20002 | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Thelma Lackey, by and through her counsel, Hill & Associates, P.C., brings this Complaint for Damages against the National Railroad Passenger Corporation, a/k/a AMTRAK, and avers as follows:

**INTRODUCTION**

1. This is an action against the Defendant National Railroad Passenger Corporation, also known as "AMTRAK," (hereinafter "AMTRAK" or "Defendant"), for its negligent conduct in causing the Plaintiff's injuries as a result of a trip and fall accident on August 2, 2024 at the Washington Union Station, located at 50 Massachusetts Avenue NE, Washington, DC 20002.

**THE PARTIES**

2. Plaintiff, Thelma Lackey, is and was at all times relevant to this matter, an adult individual and resident of the Commonwealth of Pennsylvania.

3. Defendant AMTRAK is a corporation established by an Act of the United States Congress of October 30, 1970, 84 Stat. 1328, et. seq. and is headquartered at Union Station, the City of Washington in the District of Columbia.

4. Defendant AMTRAK conducts business in various states, including within the Eastern District of the Commonwealth of Pennsylvania where it owns and operates the William H. Gray, III Station, commonly referred to as "30th Street Station," located at 2955 Market Street, Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper under 28 U.S. C. U.S.C. § 1331 and 28 U.S.C. 1346(b)(1) insofar as AMTRAK is a federally chartered corporation that is owned by the United States federal government.

6. Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1346 (b) in that the Plaintiff resides in the Eastern District of Pennsylvania.

## FACTUAL ALLEGATIONS

7. On or about August 2, 2024, the Plaintiff, Thelma Lackey, (hereinafter "Plaintiff" or "Lackey") was seventy-one years old.

8. On or about August 2, 2024, Lackey was a ticketed passenger on an AMTRAK train bound for Florida when said train stopped at Defendant AMTRAK's Washington Union Station in Washington, DC and passengers were encouraged to deboard because of an issue with the train's air conditioning system.

9. At the aforesaid time and place, as the Plaintiff deboarded the train, she fell due to dangerous and/or defective stairs of the train that left an excessive gap between the bottom step and the train platform and which handrail did not reach the bottom steps.

10. As a result of her fall, Lackey injured her right shoulder and left wrist, hand and a finger.

### CAUSES OF ACTION
### Count I - NEGLIGENCE

11. Plaintiff incorporates herein paragraphs 1 through 10 of the Complaint as if said

paragraphs were set forth in their entirety.

12. At all times relevant hereto, Defendant AMTRAK owned, operated, controlled and maintained the rail car/train and platform described above.

13. At all times relevant hereto, the Plaintiff was a business invitee of Defendant AMTRAK.

14. At all times relevant hereto, Defendant AMTRAK owed a duty to provide a reasonably safe train car and platform and to discover defects of, on and/or created by the train car and/or platform.

15. At all times relevant hereto, Defendant AMTRAK, by and through its employees, servants, and/or agents, breached its duty of care to the Plaintiff, causing the Plaintiff to suffer injuries and damages described below.

16. The aforementioned incident and Plaintiff's resulting injuries were caused solely and proximately by the negligence of Defendant AMTRAK in failing to properly maintain the train car and its premises, which negligence consisted of the following:

    a. failing to properly inspect, discover and/or remedy the defective conditions which existed on, of and about the train car in question, to wit, a handrail that did not reach to the bottom of the stairs, which the Defendant knew or reasonably should have known existed prior to the time of Plaintiff's accident;

    b. failing to properly inspect, discover and/or remedy the defective conditions that existed on its premises, to wit, an excessively wide gap between the train car and platform, which the Defendant knew or reasonably should have known existed prior to the time of Plaintiff's accident;

    c. allowing a dangerous condition of the train car to exist on the walking surface of the train car;

d.  allowing a dangerous condition of the premises to exist, to wit, an excessive gap between the platform and the train cars;

e.  failing to use methods and/or devices to lessen and/or eliminate the gap between the platform and train cars;

f.  failing to adequately warn members of the general public, including the Plaintiff, of the dangerous conditions which existed; and

g.  violating their own safety rules, regulations, policies, practices and/or procedures.

17. At all times mentioned herein, Plaintiff acted with due care and was not contributorily negligent.

18. As a result of the aforementioned incident, Plaintiff was caused to sustain serious and permanent injuries to her right shoulder, left wrist, hand and finger, for which the Plaintiff continues to treat.

19. As a result of the aforementioned incident, Plaintiff has suffered, continues to suffer and in the future may continue to suffer a great deal of pain, agony, embarrassment, humiliation, and inconvenience, which may be permanent in nature and character.

20. As a result of the aforementioned incident and resulting injuries, Plaintiff has been caused to expend various sums of money for medicine and medical attention for treatment and/or cure of these injuries and to have essential services performed during the duration of the physical impairment, all to Plaintiff's great financial detriment and loss.

21. As a further result of the aforementioned incident, Plaintiff expects to pay additional sums of money for medicine and medical attention in the future all to Plaintiff's great financial detriment and loss.

22. As a further result of the aforementioned incident and resulting injuries, Plaintiff has been

prevented from attending to her usual and customary avocations, hobbies and activities of daily living, thereby sustaining a loss of life's pleasures.

**Wherefore**, Plaintiff, Thelma Lackey, hereby demands judgment against Defendant AMTRAK, in an amount in excess of one hundred fifty thousand ($150,000.00) dollars, plus costs, interest and fees as the Court deems just.

### Count II – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

23. Plaintiff incorporates herein paragraphs 1 through 22 of the Complaint as if said paragraphs were set forth in their entirety.

24. At all times relevant to this case, Defendant AMTRAK acted by and through its employees, servants and agents, who, in the course and scope of their employment with the Defendant caused the Plaintiff's injuries.

25. At all times relevant to this case, employees, servants and agents, negligently, carelessly, directly and proximately caused the Plaintiffs' injuries and damages through their acts and/or omissions in:

    a. owning, operating, controlling, repairing and/or maintaining the rail car and premises where the Plaintiff's accident occurred;

    b. failing to assist passengers, including the Plaintiff, as they deboarded the train while knowing of the defective conditions of the train and/or platform.

26. As a direct and proximate result of AMTRAK's negligence through their employees, servants and agents: the Plaintiff sustained serious and permanent injuries; the Plaintiff incurred medical expenses and other damages, and may continue to incur medical expenses and other damages in the future; the Plaintiff has endured pain, suffering and

mental anguish and will continue to endure pain, suffering and mental anguish in the future; and the Plaintiff has suffered a loss of the enjoyment of life and will continue to suffer a loss of the enjoyment of life in the future.

**Wherefore**, Plaintiff, Thelma Lackey, hereby demands judgment against Defendant AMTRAK, in an amount in excess of one hundred fifty thousand ($150,000.00) dollars, plus costs, interest and fees as the Court deems just.

Respectfully submitted,

**HILL & ASSOCIATES, P.C.**

*Leonard K. Hill*

By: _____

Leonard K Hill, Esquire
PA. Attorney ID No. 81849
David M. Maselli, Esquire
PA. Attorney ID No. 70824
1700 Market Street, Suite 3150
Philadelphia, PA 19103
215-567-7600
Attorneys for Plaintiff

Date: April 17, 2026